UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DORIAN STEPHENS, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF CORRECTION, et al., <br><br> Defendants. | CAUSE NO. 3:22-CV-204-RLM-MGG |

OPINION AND ORDER

Dorian Stephens, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Stephens alleges that he hurt his back on December 17, 2021 after walking down a flight of stairs. He hesitated and slowly walked through the weight room and into the day room. He felt dizzy, grabbed a table to keep his balance, and bent over. Officer Baylor asked him what was wrong. Mr. Stephens indicated that he hurt his back, was dizzy, and just needed to lay there for a while. He said he felt sick and couldn't get up at that moment. After some time passed, he felt someone grab his

hands aggressively. He fell to the floor and hit his head. He remembers being helped to his feet and being shackled. He remembers answering officers' questions and explaining that he hurt his back. One of the nurses said Mr. Stephens smelled like alcohol. Mr. Stephens requested a breathalyzer and drug test, but his request was denied. Nurse Tiffany Turner administered Narcan when he reached the nursing station. He was placed in a holding cell. Later that day, a different nurse examined him and provided treatment for his back condition. Mr. Stephens believes these actions violated his constitutional rights. He has sued Officer Baylor, Nurse Tiffany Turner, Department of Correction, and Indiana State Prison. He seeks ten million dollars in damages.

Mr. Stephens alleges that Officer Baylor was negligent in her duties and "attempt[ed] to handcuff [him] without assessing the problem." ECF 1 at 6. It is unclear precisely how Mr. Stephens believes Officer Baylor violated his rights. He mentions that an officer (he does not say who) grabbed his arms aggressively. Even if this officer was Officer Baylor, this allegation doesn't state a claim on which relief can be grated. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's

2

chambers," violates the constitution. Graham v. Conner, 490 U.S. 386, 396 (1989), *quoting* Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973), *cert. denied* 414 U.S. 1033 (1973). Mr. Stephens hasn't alleged facts from which it can be plausibly inferred that the officer that grabbed his arms did so in bad faith, maliciously, or sadistically. Even if Officer Baylor was negligent in some way, negligence generally states no claim upon which relief can be granted in a § 1983 action. *See* Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (finding that negligence does not amount to deliberate indifference under the Eighth Amendment); McNeil v. Lane, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."). Mr. Stephens hasn't stated a claim on which relief could be granted against Officer Baylor.

Mr. Stephens has also sued Nurse Tiffany Turner. He alleges that she, too, was negligent. Mr. Stephens alleges that Nurse Turner had Narcan in her hands when he arrived at the medical department. He asked what it was, and she told him. She also asked him if he was on any medications, and he explained that he took medication for his health conditions. She then asked an officer to stand behind him and administered the Narcan. He seemingly takes issue with her determination that Narcan was warranted under the circumstances.

Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need

3

was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). It can't be plausibly inferred from these factual allegations that Nurse Turner's decision to administer Narcan to Mr. Stephens was a departure from accepted professional judgment. Neither can it be plausibly inferred that Nurse Turner administered Narcan to Mr. Stephens knowing it was against his will. Mr. Stephens can't proceed against Nurse Turner.

Mr. Stephens has also sued the Department of Correction. The Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001). There are exceptions to Eleventh Amendment immunity, but none are applicable here. *See* MCI Telecommunications Corp. v. Ill. Commerce Comm'n, 183 F.3d 558, 563 (7th Cir. 1999); Joseph v. Bd. of Regents of Univ. of Wis. Sys., 432 F.3d 746, 748 (7th Cir. 2005). Because the State is immune from suit pursuant to the Eleventh Amendment, Mr. Stephens can't proceed against the Indiana Department of Correction.

Finally, Mr. Stephens has sued the Indiana State Prison, which is a building, not a suable entity. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). He may not proceed against Indiana State Prison.

This complaint doesn't state a claim for which relief can be granted. The court will give Mr. Stephens a chance to file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form[1] which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Dorian Stephens until **May 26, 2022**, to file an amended complaint; and

(2) CAUTIONS Dorian Stephens if he does not respond by that deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

---

[1] Pursuant to Northern District of Indiana Local Rule 7-6, Mr. Stephens must use this court's approved prisoner complaint form.

5

SO ORDERED on April 27, 2022.

                                                          s/ Robert L. Miller, Jr.
                                                          JUDGE
                                                          UNITED STATES DISTRICT COURT