UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DORIAN STEPHENS,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTION, et al.,<br><br>    Defendants. | CAUSE NO. 3:22-CV-204-RLM-MGG |

OPINION AND ORDER

Dorian Stephens, a prisoner without a lawyer, filed an amended complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Stephens alleges that he has long-standing back pain due to herniated discs and a damaged sciatic nerve. On December 17, 2021, he walked down a flight of stairs and, at the bottom, began to have acute pain in his back. He felt dizzy, put his hands behind his head, and walked to the foosball table. Mr. Stephens bent over the foosball table so he wouldn't fall. He told other inmates and an officer that the problem was his back. He told the officer that he was dizzy and needed to rest a little

bit, but he would be okay. The officer returned, cuffed Mr. Stephens, and caused him to fall. He hit his head on the floor and lost consciousness. The officer called a signal. Mr. Stephens regained consciousness, and other officers arrived. Medical staff was present, and Mr. Stephens was asked a series of questions. He reiterated that the problem was his back, and that he had a headache. Nurse Tiffany Turner, RN, and Ms. Robards, LPN, determined that Mr. Stephens should be taken to the medical unit. When Mr. Stephens arrived in the medical unit, he told Nurse Turner and Nurse Robards that he was in extreme pain, dizzy, and had blurred vision. He also shared that he had a contusion on his head and a severe headache. The nurses questioned him about his medical conditions and personal information, and Mr. Stephens answered all their questions correctly. He was conscious and coherent.

Mr. Stephens asked to be taken back to his housing unit. He felt that nobody was listening to him, and he became upset. They kept asking him the same questions. Then, the nurses both claimed that Mr. Stephens smelled like alcohol. He denied being under the influence of alcohol or any narcotic. Nurse Turner asked if he was on any prescription medication. He indicated that he took medication for certain conditions (which he identified), but couldn't provide the names of the medications. Nurse Turner grabbed two white objects and approached Mr. Stephens. Mr. Stephens asked what they were and what she intended to do with them. She said it was Narcan. Mr. Stephens reiterated that he wasn't under the influence of alcohol or any illegal drug. He told her that she didn't have his consent to administer Narcan because he

wasn't in an overdose state and was fully aware of his surroundings. She nonetheless administered the Narcan.

Mr. Stephens was then placed in a holding cell for four or five hours without Nurse Turner or Nurse Robards examining him or providing any further medical care. Nurse Robards confirmed that Mr. Stephens has back injuries and told Nurse Turner. There was a shift change, and Mr. Stephens' pain intensified. He screamed for medical help. In response, he was provided with generic Tylenol and was returned to his unit.

Mr. Stephens alleges that Nurse Turner was deliberately indifferent to his serious medical needs when she administered Narcan against his will. Inmates have a Fourteenth Amendment due process liberty interest in "refusing forced medical treatment while incarcerated." Knight v. Grossman, 942 F.3d 336, 342 (7th Cir. 2019). To establish such a claim, the prisoner must demonstrate that the defendant "acted with deliberate indifference to his right to refuse medical treatment." *Id.* "Neither negligence nor gross negligence is enough to support a substantive due process claim, which must be so egregious as to 'shock the conscience.'" *Id.* (citation omitted). A prisoner's right to refuse medical treatment can be overridden by "a prison regulation that is reasonably related to legitimate penological interests." *Id.* at 343; *see also* Russell v. Richards, 384 F.3d 444, 447-50 (7th Cir. 2004) (concluding inmate's liberty interest in refusing unwanted medical treatment of delousing shampoo was overridden by jail policy designed to address legitimate interest in avoiding outbreaks of lice). "[I]f legitimate penological interests

3

dictate that a particular treatment must be administered even if the prisoner would have refused it, then . . . there is no constitutional right to refuse treatment . . . ." *Knight*, 942 F.3d. at 343 (quoting Pabon v. Wright, 459 F.3d 241, 252 (2d Cir. 2006)). The facts might ultimately show that Mr. Stephens's behavior was indicative of an opioid overdose, in which case Nurse Turner might have acted reasonably to provide life-saving treatment. However, at the screening stage, the court must accept Mr. Stephens's statement that he wasn't under the influence of opioids and that he clearly communicated his desire to refuse Narcan to Nurse Turner. The court will let Mr. Stephens proceed on a Fourteenth Amendment claim against Nurse Turner for administering Narcan against his will on December 17, 2021.

Mr. Stephens further alleges that both Nurse Turner and Nurse Robards were deliberately indifferent to his back pain, dizziness, blurred vision, and headache. Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v.

4

Kotter, 541 F.3d 688, 697 (7th Cir. 2008). Giving Mr. Stephens the benefit of all reasonable inferences, the court will permit him to proceed against Nurse Turner and Nurse Robards for providing no treatment for his complaints of serious backpain, dizziness, blurred vision, and headache on December 17, 2021.

For these reasons, the court:

(1) GRANTS Dorian Stephens leave to proceed against Nurse Tiffany Turner, RN, in her individual capacity for compensatory and punitive damages for administering Narcan to Mr. Stephens against his will on December 17, 2021, in violation of the Fourteenth Amendment;

(2) GRANTS Mr. Stephens leave to proceed against Nurse Tiffany Turner, RN, and Ms. Robards, LPN, in their individual capacities for compensatory and punitive damages for deliberate indifference to his serious medical needs on December 17, 2021, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Tiffany Turner, RN, and Ms. Robards, LPN, at Centurion Health of Indiana, LLC, with a copy of this order and the amended complaint (ECF 13);

(5) ORDERS Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Tiffany Turner, RN, and Ms. Robards, LPN, to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 12, 2022

                                              s/ Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT