UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DORIAN STEPHENS,

    Plaintiff,

    v.                        CAUSE NO. 3:22-CV-204-RLM-MGG

TIFFANY TURNER, et al.,

    Defendants.

## OPINION AND ORDER

Dorian Stephens, a prisoner without a lawyer, is proceeding in this case against Nurse Tiffany Turner, RN, for administering Narcan to Mr. Stephens against his will on December 17, 2021. He is also proceeding against Nurse Tiffany Turner, RN, and Ms. Robards, LPN, for deliberate indifference to his serious medical needs on the same date. The defendants filed a motion for summary judgment, arguing Mr. Stephens didn't exhaust his administrative remedies before filing suit. With the motion, the defendants provided Mr. Stewart the notice required by N.D. Ind. L.R. 56-1(f). Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1. Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the moving party served the motion, separately file: (1) a response brief; and (2) a Response to Statement of Material Facts … " Mr. Stewart didn't respond and hasn't sought additional time to file a response, so the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). Aparty opposing a properly supported summary judgment motion can't rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

The defendants provide an affidavit from Joshua Wallen, the Grievance Specialist at Indiana State Prison, who attests to the following:[1] On January 27, 2022, the Grievance office received a grievance related to the December 17, 2021, incident from Mr. Stephens. The grievance received on January 27, 2022, was dated January 21, 2022.

---

[1] Because Mr. Stewart has not responded to the summary judgment motion, the court accepts Mr. Wallen's attestations as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

2

> **OFFENDER GRIEVANCE**
> State Form 45471 (R4 / 4-17)
> DEPARTMENT OF CORRECTION
>
> FOR OFFICIAL USE ONLY
> Grievance number
>
> To: Facility Grievance Specialist
> Facility: ISP/ISO
> Date (month, day, year): 01/21/2022
>
> From (name of offender): DORIAN STEPHENS
> DOC number: 174822
> Signature of offender: Dorian Stephens
>
> Housing assignment: East 2 R1-B9
> Date of incident (month, day, year): 12/17/2021
>
> Provide a brief, clear statement of your complaint or concern. Include any information that may assist staff in responding to your grievance.
> (NOTE: A Single ONE-sided sheet of paper may be attached if necessary to explain your grievance.)
>
> On 12-17-21 at appox 1636 a medical emergency was called do to me passing out do to ofc. Baylor letting go of me and I fail down to the ISO dayroom hitting my head. Two nurses arrived asked what was wrong. I told them it's pain from issues with my back. I was taken to ISP Nursing Station shackled up and vitals were taking and I then was questioned about what was wrong with me and continually keep telling everyone including the nurses

ECF 23-1 at 26. The grievance was deemed untimely because it was filed outside of the 10-days permitted by the Offender Grievance Policy, and it was returned to Mr. Stephens on February 8. On February 14, the Grievance Office received another grievance regarding the December 17, 2021, incident. This one was identical to the previous grievance, but the date of January 21 was scratched out and Mr. Stephens instead wrote a date of December 21, 2021.

> **OFFENDER GRIEVANCE**
> State Form 45471 (R4 / 4-17)
> DEPARTMENT OF CORRECTION
>
> FOR OFFICIAL USE ONLY
> Grievance number
>
> To: Facility Grievance Specialist
> Facility: ISP/ISO
> Date (month, day, year): 12/21/2021 ~~01/21/2022~~
>
> From (name of offender): DORIAN STEPHENS
> DOC number: 174822
> Signature of offender: Dorian Stephens
>
> Housing assignment: East 2 R1-B9
> Date of incident (month, day, year): 12/17/2021
>
> Provide a brief, clear statement of your complaint or concern. Include any information that may assist staff in responding to your grievance.
> (NOTE: A Single ONE-sided sheet of paper may be attached if necessary to explain your grievance.)
>
> On 12-17-21 at appox 1636 a medical emergency was called do to me passing out do to ofc. Baylor letting go of me and I fail down to the ISO dayroom hitting my head. Two nurses arrived asked what was wrong. I told them it's pain from issues with my back. I was taken to ISP Nursing Station shackled up and vitals were taking and I then was questioned about what was wrong with me and continually keep telling everyone including the nurses

3

ECF 23-1 at 28. Mr. Stephens included a note claiming that he put the wrong date on the earlier grievance.

> FROM: Dorian Stephens #174822   02/10/2022
> E2-R1-B9
>
> TO: Facility Grievance Specialist M. Lessner
>
> I Dorian Stephens #174822 made an mistake with the dates of me filing my Offender Grievance I put the wrong date on there 01/21/2022 it was suppose to be 12/21/2021 I even had ofc Ms. Robinson make copies and I gave the grievances to her to drop off for me, you can contact her to verify that what I'm saying is true so please process this grievance I'm sending back to you. I may have had an concusion from being let go of and falling hitting my head on the floor!
>
> I thank you for your time and patience, may you and yours be blessed!
>
> Dorian Stephens #174822
> E2-R1-B9

as also

ECF 23-1 at 29. The "new" grievance - backdated to December 21, 2021 - was also rejected as untimely. It was returned to Mr. Stephens on February 15.

Prisoners can't being an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Courts take a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be excused from exhausting if the grievance process was effectively unavailable. Woodford v. Ngo, 548 U.S. 81, 102 (2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies aren't considered available. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, "a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d at 809.

5

The defendants provided evidence that the first grievances about the December 17 event was dated January 21 and received on January 27. The grievance was correctly rejected as untimely because it appeared that Mr. Stewart had waited over a month to submit his grievance regarding the December 17 incident. When Mr. Stewart was informed that his grievance was untimely, he tried to correct his grievance within the time permitted. *See* ECF 23-1 at 18 (If a grievance is returned to an offender, "[i]t shall be the responsibility of the offender to make the necessary revisions to the grievance form and to return the revised form to the Offender Grievance Specialist within five (5) business days from the date that it is returned to the offender."). Mr. Stephens responded to the notice his grievance had been rejected by changing the date on his grievance to one that would have been timely if submitted on that date, and provided a note claimed he simply wrote the wrong date on the grievance form when he submitted it the first time. There is a genuine issue of fact regarding whether the defendants made the grievance process unavailable to Mr. Stephens when they rejected the grievance after Mr. Stewart corrected it to reflect the date of December 21, 2021, because a grievance submitted on that date would have been timely. *See* ECF 23-1 at 17 ("An offender wishing to submit a grievance shall submit a completed State Form 45471, 'Offender Grievance,' no later than ten (10) business days from the date of the incident giving rise to the complaint or concern to the Offender Grievance Specialist"). Resolving this issue will require a hearing as explained in <u>Pavey v. Conley</u>, 544 F.3d 739 (7th Cir. 2008). The court won't schedule such a hearing unless one of the defendants file a motion requesting it.

For these reasons, the motion for summary judgment (ECF 22) is **DENIED**. The defendants are **CAUTIONED** that if a *Pavey* hearing is not requested by **November 30, 2022**, the affirmative defense of exhaustion of administrative remedies will be waived.

SO ORDERED on November 3, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
